# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2025

Lyle W. Cayce
Clerk

No. 25-40333

Benny R. Odem, Jr.,

*Plaintiff—Appellant*,

*versus*

Lonnie E. Townsend, *Senior Warden*; Major Michael A. Collum, *Assistant Warden*; Melissa J. Mortensen, *Case Manager II*; Cheneya N. Farmer, *Case Manager III*; Roo Pena, *State Classification Committee* Chairman, *Et al.*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-268

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Benny R. Odem, Jr., Texas prisoner # 1703386, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint and supplemental complaint, wherein he alleged an overarching conspiracy by prison officials to retaliate

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against him for his litigiousness through various acts that Odem claimed violated his constitutional rights. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, Odem raises a series of arguments challenging the district court's dismissal of his claims including, but not limited to, contentions that: (i) the district court gave insufficient reasons for the denial of his IFP motion; (ii) unspecified orders by the magistrate judge were unauthorized, erroneous, and contrary to law; (iv) the district court erred by resolving disputed facts; (iv) unspecified documents he submitted with his complaints were sufficient to substantiate his claims and withstand dismissal; and (v) the district court erred by failing to hold an evidentiary hearing or issue him a questionnaire. However, all of these arguments—as raised in his IFP pleadings—are largely unsupported, generalized, and conclusory. Furthermore, his argument that the magistrate judge was not authorized to sever certain of his claims finds no statutory support. *See* 28 U.S.C. § 636(b)(1)(A). In any event, Odem objected to the magistrate judge's severance order under Federal Rule of Civil Procedure 72(a), which objection the district court overruled. None of the foregoing arguments suffice as a nonfrivolous argument for appeal.

Otherwise, Odem fails to address the district court's reasons for the dismissal of his complaints. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Odem has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his

case, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Odem's civil action as frivolous and for failure to state a claim and this court's dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Odem has previously received at least one strike under § 1915(g). *See Odem v. Odom*, No. 1:20-CV-00042 (N.D. Tex. Aug. 22, 2022). Because Odem now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.